BERWIND-WHITE COAL MINING COMPANY, Appellant, *v.* GEORGE S. EWART, Respondent.

*Judgment creditor's action against a stockholder — the issuing and return of an execution against the corporation is a condition precedent thereto.*

The issuing and return of an execution against a corporation is a condition precedent to the right of a judgment creditor of a corporation to maintain an action against a stockholder of such corporation to recover his debt, and before a stockholder of a corporation can be made liable for such debt it must appear that the judgment creditor has attempted in good faith to collect his judgment from the corporation.

APPEAL by the plaintiff, the Berwind-White Coal Mining Company, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Livingston on the 6th day of March, 1895, upon the decision of the court dismissing the complaint, rendered after a trial at the Circuit Court held in and for the county of Livingston and a Special Term held in and for the county of Monroe, the trial having been adjourned to said Special Term.

*E. A. Nash*, for the appellant.

*J. B. Adams*, for the respondent.

LEWIS, J.:

The plaintiff is a judgment creditor of the Livingston Salt Company, a corporation organized under the Business Corporation Law of June 21, 1875 (Chap. 611).

This action was brought by the plaintiff as such judgment creditor, to recover of the defendant an amount equal to the stock held by him, to wit, $300, on the ground that the whole amount of the capital stock of said company had not been paid in, neither had the certificate of such payment been made and recorded, as required by law.

The issuing and return of an execution upon the plaintiff's judgment against the salt company was a condition precedent to the plaintiff's right to maintain this action.

It was shown upon the trial that all the prerequisites to the right to maintain the action had been complied with by the plaintiff with the exception of a proper return of an execution. An execution had been duly issued to the proper sheriff, and he had by virtue thereof levied upon a quantity of salt which was, in fact, at the time of the levy, the property of the salt company, and was liable to sale under the execution.

The evidence tended to show that the salt company had, prior to the said levy, executed a transfer of the salt to one Shattuck. This transfer was shown to have been fraudulently made by collusion between the directors of the salt company and Shattuck. The execution had been returned unsatisfied in part after the levy was made and before the salt had been offered for sale under said execution. Before the defendant could be made liable in this action the plaintiff was required to attempt, in good faith, to make its debts out of the company. This, the evidence tended to show, it failed to do.

The finding of the trial court, that the pretended sale of the salt to Shattuck took place on the 23d day of February, 1893, the same day, and presumably after the company's commercial paper had gone to protest, is fairly sustained by the evidence. The insolvency of the company was at that time unquestionably imminent to the knowledge of its trustees, and the transfer of the salt to Shattuck was made by them in contemplation of the insolvency of the company.

It is suggested by the appellant's counsel that had the salt been sold by the sheriff under the execution there would not have been a sufficient amount realized therefrom to pay the plaintiff's execution in full. That may be true, but the plaintiff is attempting to enforce against the defendant a statutory liability. It is not a case for bal-

ancing probabilities. Without enlarging upon the facts which are so fully and clearly set out in the opinion of the trial judge, we are satisfied that his findings and conclusions were fully sustained by the evidence, and that the judgment should be affirmed.

BRADLEY and WARD, JJ., concurred; DAVY, J., not sitting.

Judgment affirmed.